**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TIBOR SILBER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | Misc. No. ____________________ |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | PETITION TO QUASH |
| | ) | IRS SUMMONS |
| Defendant. | ) | |

The Petitioner, Tibor Silber, by his undersigned counsel, seeks to quash a summons (the "PNC Summons") issued by the Internal Revenue Service (the "IRS") to PNC Bank ("PNC"), in connection with a treaty request allegedly made by the Canada Revenue Agency ("CRA") with respect to CRA's examination of alleged Canadian tax liabilities. Petitioner, on personal knowledge as to his own activities and on information and belief as to the activities of others, states as follows:

## PARTIES

1. Petitioner, Tibor Silber, is an individual who has been a resident of the State of Israel since April 12, 2016. Before that date, Petitioner was a resident of Canada.

2. Respondent is the United States of America.

3. The third party summons at issue in this petition was served on PNC.

**JURISDICTION AND VENUE**

4. This proceeding is brought pursuant to 26 U.S.C. § 7609(b)(2) to quash the PNC Summons.

5. The IRS issued the PNC Summons on May 15, 2017, allegedly in connection with an examination by the CRA into Petitioner's Canadian tax liabilities. A copy of the PNC Summons is attached as Exhibit A.

6. Petitioner was entitled to notice of the PNC Summons pursuant to 26 U.S.C. § 7609(a)(l). This proceeding is being brought within twenty (20) days after the IRS served notice of the PNC Summons. 26 U.S.C. § 7609(b)(2).

7. The person to be summoned, PNC, is found in this judicial district, the place where the documents in question are to be produced and from which the PNC Summons was served. Therefore, this Court has jurisdiction and venue is proper in this district. 26 U.S.C. § 7609(h)(1).

8. Pursuant to 26 U.S.C. § 7609(b)(2)(B), notice of this Petition is being provided to PNC and to the IRS officer (Tammy Miller) named in the PNC Summons by certified mail and to the United States pursuant to Rule 4(i) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

## FACTUAL ALLEGATIONS

9. Petitioner is currently under examination by CRA for potential Canadian tax liability as to his 2009-2015 tax years. Petitioner is not under examination by CRA for the 2016 tax year.

10. Before April 12, 2016, Petitioner was a resident of Canada and subject to Canadian income tax. From that date, Petitioner was not a resident of Canada and was no longer subject to Canadian income tax.

11. The United States and Canada are signatories to the US-Canada Income Tax Convention (the "Treaty"). Article IV of the Treaty defines "resident of a Contracting State" as "any person who, under the laws of that State, is liable to tax therein by reason of his domicile, residence, place of management, place of incorporation or any other criterion of a similar nature." Under that definition, Petitioner ceased to be a resident of Canada after April 11, 2016 for purposes of the Treaty.

12. Article XXVII of the Treaty provides for the exchange of information between the CRA and the IRS concerning taxes imposed by either nation. Under that Article, the IRS can, under certain circumstances, obtain information on behalf of the CRA "to the same extent such [information] can be obtained under the laws and administrative practices of" the United States. The IRS cannot, however, "carry out administrative measures at variance with the laws and administrative practice of" or "supply information which is not obtainable under the laws or in the normal course of the administration of" either the United States or Canada.

13. The PNC Summons implies that CRA made a request pursuant to the Article XXVII of the Treaty for information from PNC regarding Petitioner (the "CRA Treaty Request"). The PNC Summons contains no direct information regarding the contents of the CRA Treaty Request, so Petitioner is unable to evaluate the contents of that request, the ability of CRA to enforce such requests under Canadian law, and whether the PNC Summons fairly and accurately reflects the scope of the CRA Treaty Request. Petitioner respectfully suggests that limited discovery is appropriate to obtain a copy of the CRA Treaty Request, should the IRS decline to produce that document voluntarily.

14. The PNC Summons seeks detailed account information with respect to two specific PNC accounts in which Petitioner allegedly had ownership, control, or signatory authority for the time period from January 1, 2009, through December 31, 2016. The PNC Summons also seeks information with respect to all of Petitioner's accounts with PNC during the time period from January 1, 2009, through December 31, 2016.

15. The PNC Summons directs PNC to produce these documents to Revenue Agent Tammy Miller on June 12, 2017, at 10:00 a.m., at the IRS office located at 999 North Capitol Street, 5th Floor 570-10, Washington, D.C.

16. PNC has indicated that, absent a court order or written notification from the IRS to the contrary, it will produce all requested documents to the IRS on the requested date.

## ARGUMENT

17. In order to enforce a summons, the IRS must establish a *prima facie* case showing that: (1) the examination is being conducted for a legitimate purpose; (2) the materials sought may be relevant to that purpose; (3) the information sought is not already in IRS's

possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48 (1964). These requirements apply with equal force to a summons issued pursuant to a treaty request. *United States v. Stuart*, 489 U.S. 353 (1989). As shown below, the IRS cannot establish a *prima facie* case under *Powell* and this Court should quash the PNC Summons.

18. The IRS did not follow the administrative steps required by the Code when it issued the PNC Summons. Specifically, the IRS did not provide Petitioner with advance notice that it would be contacting a third party regarding his tax liability, in violation of the express requirement of such advance notice in I.R.C. § 7602(c)(1) and Treas. Reg. 301.7602-2(d)(1). Accordingly, the United States cannot meet its *prima facie* case and the summons must be quashed in its entirety.

19. The PNC summons also requests information that is not relevant to any CRA audit, and therefore the IRS cannot establish a *prima facie* case for enforcement as to that information.

20. While the standard for relevance in a summons context is broad, "the information sought must meet some basic threshold of relevance because the United States must make a prima facie case that the information it seeks is potentially relevant." *Wells Fargo & Co. v. United States*, 2013 WL 244639, at *42 (D. Minn. 2013), *citing Powell*, 379 U.S. at 57-58. For example, the IRS may not issue a summons for a taxpayer's tax accrual workpapers with respect to state and local taxes because that information is irrelevant to the determination of the taxpayer's federal tax liability. *Id*.

21. On April 11, 2016, Petitioner disconnected from Canadian residency and became a resident of Israel. From that date forward, Petitioner was not a Canadian taxpayer, was not subject to "taxes imposed by the Government of Canada" as defined by Article XXVII of the Treaty, and any documents reflecting transactions occurring on or after that date can have no bearing on Petitioner's Canadian tax liabilities, if any.

22. The PNC Summons demands that PNC produce documents "for the period January 1, 2009 through December 31, 2016." Petitioner is not under audit for the 2016 tax year. Accordingly, documents relating to 2016 are irrelevant to Petitioner's potential Canadian tax liability for the years that are under audit (2009-2015). As for documents relating to periods after April 11, 2016, when Petitioner was not subject to Canadian tax at all, there is no conceivable relevance to Petitioner's Canadian tax liability. Accordingly, the United States cannot meet its *prima facie* burden for enforcing the summons as to documents relating to any period after December 31, 2015 (or, in the alternative, April 11, 2016).

23. Further, a summons may only be enforced if the IRS acts in good faith and for a legitimate purpose. Attempting to enforce a summons for a treaty request that is subject to either being withdrawn by the originating tax authority or being invalidated in a proceeding in the originating jurisdiction is neither good faith nor a legitimate purpose.

24. On information and belief, CRA intended the request to cover the period ending December 31, 2015, not 2016. Based on communications with CRA officials, Petitioner believes that CRA only requires documents from PNC up until April 11, 2016 at the latest, and neither needs nor wants documents beyond that date. Should the IRS refuse to consult with CRA on limiting the CRA Treaty Request before attempting to enforce the PNC Summons, the

IRS would not be acting in good faith or with a legitimate purpose and could not meet its *prima facie* case.

25. In addition, Petitioner is commencing parallel judicial proceedings in Canada seeking an order requiring CRA either to withdraw the CRA Treaty Request or to modify that request to exclude documents relating to the period after April 11, 2016. Insisting on enforcing the PNC Summons in light of a Canadian proceeding that may moot the underlying treaty request is neither good faith nor a legitimate purpose, and fails to satisfy the *prima facie* case for enforcing the summons.

26. Petitioner further requests that, should PNC not agree to retain the summoned documents until a final judgment is entered in this action, the Court enter an order restraining PNC from producing, and the IRS from receiving or conveying to CRA, any of those documents until entry of a final judgment.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that the Court grant the following relief:

(a) Establish a Scheduling Order setting a briefing schedule and a hearing date;

(b) If necessary, hold an evidentiary hearing and authorize limited discovery;

(c) Quash the PNC Summons as requested herein;

(d) If necessary, issue an order enjoining and restraining the IRS from obtaining, and PNC from producing, the summoned documents while this action remains pending;

(e) If necessary, issue an order staying enforcement of the PNC Summons until such time as the parallel Canadian proceedings with respect to the underlying CRA request are resolved.

(f) Award Petitioner costs and disbursements; and

(g) Award Petitioner such other and further relief as this Court deems just and proper.

Dated this 5th day of June, 2017.

Respectfully submitted,

/s/ Robert J. Kovacev
Robert J. Kovacev
Bar ID #47525
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-6462
Facsimile: (515) 558-0671
rkovacev@steptoe.com

ATTORNEYS FOR PETITIONER